

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2007

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4816

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Smith" (2007). *2007 Decisions.* Paper 1556.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1556

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 05-4816 & 05-4817

_____

UNITED STATES OF AMERICA

v.

ROBERT G. SMITH,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 04-cr-00022 & 05-cr-00023)
District Judge: Honorable Kim R. Gibson

_____

Submitted under Third Circuit LAR 34.1(a)
September 26, 2006

Before: RENDELL, CHAGARES and ROTH, Circuit Judges

(filed: February 28, 2007)

_____

OPINION

_____

**ROTH**, Circuit Judge:

        Robert G. Smith appeals the judgment of sentence imposed on him by the United

States District Court for the Western District of Pennsylvania. The only issue on appeal is the reasonableness of the sentence under United States v. Booker, 543 U.S. 220 (2005). Because the District Court satisfied the requirements set forth in United States v. Cooper, 437 F.3d 324 (3d Cir. 2006), we will affirm.

## I. BACKGROUND

Robert Smith is a 60-year old Vietnam War veteran who has been addicted to heroin for most of his adult life. In order to sustain his heroin use, Smith committed a long string of property crimes that resulted in his almost continuous incarceration from 1973 to 1999. From 1999 to 2004, however, Smith was continuously employed and actively involved in Narcotics Anonymous. He also earned 23 college credits during this time period. Unfortunately, Smith reverted to heroin use which led him to commit a bank robbery and two convenience store robberies in June 2004. After several people identified Smith as the assailant in the bank surveillance video, Smith was arrested and charged with bank robbery. Smith quickly confessed to the bank robbery, and also confessed to the convenience store robberies, even though he was not yet a suspect for those crimes. Smith waived indictment for the convenience store robberies and pleaded guilty to all three crimes without a plea agreement.

A presentence report was prepared, to which neither party objected, and the District Court adopted it without change. The advisory guideline range was between 151 and 188 months imprisonment for each count. Smith did not file a formal motion for downward

2

departure but did submit a statement of position on sentencing factors and a memorandum in support of mitigation, along with several letters from Smith's family and friends, who attested to his good character.

The sentencing hearing for all three crimes took place on October 6, 2005, after the Supreme Court's decision in Booker but before this Court's decision in Cooper. At the sentencing hearing, defense counsel urged the District Court to exercise leniency and suggested a sentence of 84 months imprisonment. Defense counsel argued Smith's advanced age – 58 years at the time of sentencing – consequently demonstrated a decreased likelihood of recidivism upon his release from prison. Defense counsel also pointed out that, upon completion of his federal sentence, Smith was facing up to 13 years of additional imprisonment because his federal offenses violated his state parole. Finally, several of Smith's friends from work and Narcotics Anonymous (NA) gave emotional testimony describing Smith's many good works and attributes, especially his leadership role in NA. Defense counsel argued Smith's good character and contributions to the community supported a below-guideline variance under 18 U.S.C. § 3553(a).

The District Court noted this was a "sad case" and sentenced Smith at the lowest point in the advisory guidelines range, 151 months imprisonment for each count, to be served concurrently. The court also sentenced Smith to supervised release and ordered restitution and a special assessment. The court recommended that Smith be admitted to the Bureau of Prison's 500-hour drug treatment program. Only the reasonableness of the prison term is

3

specifically challenged on this consolidated appeal, which was timely filed. Smith preserved the reasonableness issue for appeal in his memorandum on mitigation and throughout the sentencing hearing. Subject matter jurisdiction was conferred upon the District Court by 18 U.S.C. § 3231. Appellate jurisdiction is conferred upon this Court by 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II. **DISCUSSION**

After United States v. Booker, 543 U.S. 220, 262 (2005), appellate courts review sentences imposed by district courts for "reasonableness," in reference to the applicable 18 U.S.C. § 3553(a) factors.[1] In United States v. Cooper, 437 F.3d 324 (3d Cir. 2006), we elaborated on reasonableness review and set forth the following guiding principles:

As an initial matter, appellants bear the burden of demonstrating unreasonableness. Id. at 332. The standard of review for reasonableness is "deferential," as the district court is "in the best position to determine the appropriate sentence in light of the particular circumstances of the case." Id. at 330. A sentence within the correctly calculated guideline range is not automatically reasonable, but is more likely to be reasonable than one outside

---

[1] Those factors include: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for the sentence imposed to: (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (B) deter criminal conduct; (C) protect the public; and (D) provide training and treatment for the defendant; (3) the kinds of sentences available; (4) the sentencing range under the guidelines; (5) pertinent policy statements; (6) the need to avoid unwarranted sentence disparities among similar defendants; and (7) the need to provide restitution.

the range.  Id. at 331.  In giving "meaningful consideration" to the § 3553(a) factors, a district court need not discuss every argument made by the litigants, or specifically make findings as to each of the § 3553(a) factors, so long as the record reflects the court considered the § 3553(a) factors as well as the meritorious arguments raised by the parties.  Id. at 329.

Smith argues the sentence imposed was unreasonable because, in his view, the District Court failed to adequately consider his character under § 3553(a)(1) and his likelihood for recidivism under § 3553(a)(2)(C).  Specifically, Smith argues that the court failed to give meaningful consideration to his age, parole status, drug addiction and rehabilitation, employment history, and college education.  Smith also argues the court erred by (1) failing to consider the other § 3553(a) factors, (2) failing to state its reasons for the sentence imposed, (3) giving presumptive weight to the guidelines, and (4) imposing a sentence greater than necessary.  Despite the fact that the District Court sentenced Smith without the benefit of our opinion in Cooper, the record reveals that the sentence imposed was reasonable and in compliance with the requirements set forth in that case.

In arguing that the District Court failed to consider Smith's character, as required under § 3553(a)(1), Smith focuses on a statement made by the District Judge at the close of sentencing: "The job of this Court is not to determine whether you're a good or bad person, it's to judge the actions that were taken and impose punishment in accordance with the requirements of the judicial system."  Smith takes this statement as a rejection of the § 3553(a) factors, particularly those in § 3553(a)(1) (including history and characteristics of

5

the defendant). But Smith gives undue weight to this statement, in which the judge merely explained, correctly, that the sentence imposed was not a reflection of Smith's moral worth, but rather a reflection of the seriousness of his crimes in light of the relevant legal strictures. In fact, the judge's comments before and after this statement demonstrate that he considered and appreciated Smith's individual characteristics. The judge noted Smith's many "good qualities" and "abilities," such as "empathy" and "good instincts," "as evidenced by" the testimony of Smith's character witnesses (who were directly observed and whose demeanor is inherently inaccessible to us on appeal). In short, the record does not support Smith's general assertion that the District Court failed to appreciate its obligation to meaningfully consider Smith's characteristics under § 3553(a)(1).

Smith's specific assertions that the court failed to give meaningful consideration to his age, parole status, drug addiction and rehabilitation, employment history, and college education are similarly unavailing. The District Court was well aware of Smith's advanced age. Furthermore, in responding to defense counsel's argument for a lenient sentence under § 3553(a)(2)(C) (need for public protection), i.e., that recidivism goes down as a defendant's age goes up, the District Court explicitly addressed the impact a lengthy sentence would have on Smith in light of his advanced age, but, after weighing other § 3553(a) factors, exercised its discretion and imposed a 151-month sentence.

The District Court was also aware of and adequately considered Smith's drug addiction and rehabilitation, employment history, and college education. The District Court

6

adopted the findings of fact in the presentence report, which detailed Smith's lifelong heroin addiction and attempts at rehabilitation, his employment as a supervisor at a telemarketing firm, and the 23 college credits he earned in the field of information technology.

Smith's remaining arguments also fail. Although the judge did not explicitly mention 18 U.S.C. § 3553(a) during the sentencing hearing, the record demonstrates that the court adequately considered the characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the sentencing range under the guidelines (as correctly calculated and including a reduction for acceptance of responsibility), and the need to provide restitution.

## III. CONCLUSION

For the reasons stated above, we will affirm the District Court's judgment of sentence.